HARDY, Judge.
On original hearing hereof the appeal in this case was dismissed on the ground that the prepared statement of facts proved on trial of the cause was neither signed by the parties nor their counsel nor approved by the trial judge. In application for rehearing appellant represented that the stipulation of facts had been agreed to and approved by counsel and that the failure to sign the statement was due to inadvertence. Accordingly a rehearing was granted and the record was returned to the trial court for the purpose of permitting an amendment in accordance with this representation. The amendment has been made, the stipulation of facts has been signed by counsel for the respective parties litigant and the matter is now before us for determination of the appeal.
The facts are set forth in our opinion on original hearing.
Counsel for. defendant-appellant admits in brief that if the defendant entered upon the leased premises without plaintiff-lessee’s knowledge and consent and took possession of the land he would be liable for whatever damages might have been caused thereby. However, counsel urges that the entry of defendant-lessor upon the leased premises and his plowing up of the land with resultant damage to plaintiff-lessee’s bulbs were accomplished with the knowledge and consent of the plaintiff. This presents purely a question of fact which was resolved against defendant’s contention by our learned brother of the district court. Careful examination of the record convinces us that the conclusion of the district judge on this point was correct. The testimony of plaintiff and the surrounding circumstances preponderate against defendant’s assertion that he acted in accordance with an understanding between himself and plaintiff. We do not find anything in the stipulation of facts nor in the opinion of the district judge *167 which indicates that plaintiff ever intended to acquiesce in the plowing up of the lily patch which comprehended only approximately a quarter of an acre out of the five acres leased, and the destruction of the lily bulbs in which he had a substantial investment. On the contrary we are convinced that the only agreement by plaintiff-lessee was that which consented to defendant-lessor’s repossession of that part of the leased tract which was planted in corn, which part amounted to some four and three-quarters acres.
It necessarily follows from this resolution of the factual question presented that defendant is liable for such damages as have been established. Reference to the written opinion of the district judge discloses the items of damages comprising the total sum of $405 allowed by the judgment, as follows:
Profit on operation $150.00
Reimbursement of cost 155.00
Labor 100.00
Total $405.00
There appears to be no ground for dispute as to the item of $155 representing the reimbursement of plaintiff’s investment in bulbs actually planted, but we must confess that we fail to find any justification for the allowance of the other items of damage.
The stipulation of facts notes the testimony of Mr. Hill, father of plaintiff, that he helped plant the bulbs, working a few hours at a time, sometimes as much as half a day, and further that he and Mrs. Richards cultivated the bulbs, took up Johnson grass and vines, and on one occasion flat-weeded the grass. But there is absolutely nothing in the agreement of facts which would serve as a definite basis for the comuptation of the amount of labor actually performed and the value thereof. It is clear that without any certainty of proof damages with respect to this item cannot be fixed.
We further observe that there is no substantiation in the stipulation of facts as to the item representing profit on operation. The only representation bearing on this point appears to have been in plaintiff’s testimony to the effect that she had dug about in a few different places and found that the bulbs had “two or four heads which would sell for fifteen cents for the large size.” There is not the slightest disclosure, even in the nature of an estimate, as to the number of bulbs or an approximation of the large size bulbs which could have been sold for fifteen cents. Under these circumstances it is obvious, even conceding the proposition that damage has been established, that the amount of damages has not been fixed.
For the reasons assigned the judgment appealed from is amended by reducing the principal amount thereof from the sum of $405 to the sum of $155 and, as amended, it is affirmed at appellant’s cost. Rights of both parties to make application for rehearing are specifically reserved.